IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| DATATREASURY CORP., | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **CIVIL ACTION NO. 5:03-CV-39-DF** |
| FIRST DATA CORPORATION, et al. | § | |
| | § | |
| **Defendants.** | § | |
| ———————————————— | § | |
| | § | |
| DATATREASURY CORP., | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 5:05-CV-173-DF** |
| v. | § | |
| REMITCO, LLC, et al., | § | |
| | § | |
| **Defendants.** | § | |

**O R D E R**

Before the Court is Plaintiff's Motion to Consolidate (Civil Action No. 5:05-CV-173, Dkt. No. 61) and Plaintiff's Motion to Reconsider Order Denying Motion to Consolidate (Civil Action No. 5:03-CV-39, Dkt. No. 245). As to the Motion to Consolidate, also before the Court are Defendant's response and Defendant's sur-reply. Civil Action No. 5:05-CV-173, Dkt. Nos. 65 & 66, respectively. As to the Motion to Reconsider Order Denying Motion to Consolidate, also before the Court are Defendants' opposition and Plaintiff's supplemental memorandum. Civil Action No. 5:03-CV-39, Dkt. Nos. 250 & 271. Having considered the briefing and all relevant papers and pleadings, the Court finds that Plaintiff's motions should be **GRANTED**.

-1-

# I.  BACKGROUND

Plaintiff seeks to consolidate the cases of Datatreasury Corp. v. Remitco, LLC

("Remitco") and Integrated Payment Systems, Inc. ("IPS"), Civil Action No. 5:05-CV-173 (the

"Remitco case") and Datatreasury Corp. v. First Data Corp ("First Data") and Telecheck

Services, Inc. ("Telecheck"), Civil Action No. 5:03-CV-39 (the "First Data case").  Plaintiff filed

a motion to consolidate in the First Data case on April 8, 2006.  Dkt. No. 228.  United States

Magistrate Judge Caroline M. Craven denied Plaintiff's motion by an Order entered August 31,

2006 but noted that denial of the motion was subject to change by the Court in its ruling on the

motion to consolidate in the Remitco case.  Dkt. No. 244 at 3.  Because Plaintiff's motion for

reconsideration in the First Data case seeks the same relief as Plaintiff's motion for consolidation

in the Remitco case, these motions are addressed together.

# II.  LEGAL PRINCIPLES

Courts may consolidate cases under Federal Rule of Civil Procedure 42:

> When actions involving a common question of law or fact are
> pending before the court, it may order a joint hearing or trial of any
> or all the matters in issue in the actions; it may order all the actions
> consolidated; and it may make such orders concerning proceedings
> therein as may tend to avoid unnecessary costs or delay.

The decision to consolidate separate actions is purely discretionary.  *St. Bernard Gen.*

*Hosp., Inc. v. Hosp. Serv. Assoc.,* 712 F.2d 978, 990 (5th Cir. 1983).  Consolidation may be

proper when the cases involve common questions of law and fact, and the district judge finds that

it would avoid unnecessary costs or delay.  *Id.; see Bottazzi v. Petroleum Helicopters, Inc.,* 664

F.2d 49, 50-51 (5th Cir. 1981) (upholding consolidation of two cases sharing a central fact issue).

The fact that a defendant may be involved in one case and not the other is not sufficient to avoid

consolidation. *St. Bernard Gen. Hosp., Inc.,* 712 F.2d at 989. Consolidation is improper, however, if it would prejudice the rights of the parties. *Id.* at 989-*990*; *see also Schacht v. Javits*, 53 F.R.D. 321, 324-325 (S.D.N.Y. 1971) (denying motion to consolidate where two cases were at widely different stages of preparation and where consolidation would cause confusion); *but see Monzo v. Am. Airlines, Inc.*, 94 F.R.D. 672, 673 (S.D.N.Y. 1982) (fact that cases were in different stages of discovery not fatal to consolidation).

## III.  THE PARTIES' POSITIONS

Plaintiff argues that the relationships of the defendants in the two cases support consolidation. The parties agree that First Data is the parent company of both Telecheck and IPS. Telecheck is a defendant in the First Data case. IPS is a defendant in the Remitco case. IPS, in turn, is the parent company of Remitco. Plaintiff also argues that the same patents are asserted in each case and that the accused devices in each case are similar. Further, Plaintiff argues that because the First Data case will not be ready for trial in February 2007, the defendants in the First Data case would not be prejudiced by a consolidation.

The defendants in the First Data case respond that the First Data case has been pending for much longer than the Remitco case and that further delay would be prejudicial. Defendants argue that the First Data case is in a much later stage than the Remitco case because the Remitco case has not undergone fact discovery or claim construction.  Defendant argues that the accused devices in each case differ so as to require substantially different proof in each case.

## IV. DISCUSSION

These cases are two of many before this Court brought by Plaintiff. The other pending actions include *Datatreasury v. Wells Fargo, et al.* (2:06-CV-72), which alone has over 50

defendants, as well as *Datatreasury v. Wells Fargo, et al.* (2:05-CV-291), *Datatreasury v. Bank of America, et al.* (2:05-CV-292), *Datatreasury v. Wachovia, et al.* (2:05-CV-293), *Datatreasury v. Citigroup, et al.* (2:05-CV-294), and *Datatreasury v. City National Corp., et al.* (2:06-CV-165). Still more actions have already been consolidated into these actions.

The Court finds substantial common questions of law and fact in the First Data and Remitco cases. Each case has a single common plaintiff. *Bottazzi,* 664 F.2d at 50-51 (upholding consolidation of two cases brought by one plaintiff "seeking recovery for damages resulting from each of . . . two accidents"). Both cases involve the same asserted patents. *See Sage Prods., Inc. v. Devon Indus., Inc.*, 148 F.R.D. 213, 215 (N.D. Ill. 1993) (finding that consolidation "may be appropriate in patent infringement actions involving the same patents and multiple defendants"). The defendants in both cases are part of the same family of corporate entities and are represented by the same counsel. The Court finds that consolidating the two cases would save considerable expense and duplicative effort. *Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Corp.*, 43 F. Supp. 2d 734, 745 (E.D. Tex. 1999) (Heartfield, J.) (finding that a "purpose of consolidation is to enhance efficiency").

The Court applies a "balancing test that weighs the saving of time and effort versus inconvenience, delay or expense." *Bristol-Myers*, 43 F. Supp. 2d at 745. The Court finds that any risk of prejudice or possibility of delay is outweighed by the risk of inconsistencies of law or fact incurred by conducting separate trials. *Id.* (finding that "a purpose of consolidation is to . . . avoid the substantial danger of inconsistent adjudications"). Further, while the First Data case is currently set on the Court's February trial docket, the trial in the First Data case would likely be continued with or without consolidation. This militates against finding that consolidation would

be the cause of delay.  Further, the fact that the cases are at different discovery stages is not fatal to the consolidation motion.  *Monzo*, 94 F.R.D. at 673.  The Court is searching for methods to manage these cases and finds that consolidation will reduce the overall time for resolution of these cases and will substantially reduce expense.

## V. CONCLUSION

Plaintiff's Motion to Consolidate (Civil Action No. 5:05-CV-173, Dkt. No. 61) and Plaintiff's Motion to Reconsider Order Denying Motion to Consolidate (Civil Action No. 5:03-CV-39, Dkt. No. 245) are hereby **GRANTED**.  It is hereby

**ORDERED** that the First Data case (Civil Action No. 5:03-CV-39) shall be **CONSOLIDATED** with the Remitco case (Civil Action No. 5:05-CV-173).  It is further

**ORDERED** that the consolidated case is assigned for pretrial purposes to United States Magistrate Judge Caroline M. Craven, who will set a new trial date and enter a new scheduling order.

**SIGNED this 21st day of November, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE